10-5096-ag
Qu v. Holder

BIA
Abrams, IJ
A099 027 795

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand eleven.

PRESENT:
  ROGER J. MINER,
  ROBERT D. SACK,
  PETER W. HALL,
   *Circuit Judges*.
_____

HA LE QU, AKA HONG SHAN JIN,
  *Petitioner*,

   v.         10-5096-ag
             NAC

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONER:  Peter Lobel, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director, Office of Immigration Litigation; Virginia Lum, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ha le Qu, a native and citizen of the People's Republic of China, seeks review of a November 22, 2010, order of the BIA, affirming the November 12, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Qu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re He Le Qu*, No. A099 027 795 (B.I.A. Nov. 22, 2010), *aff'g* No. A099 027 795 (Immig. Ct. N.Y. City Nov. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii) (2006). Analyzed under the REAL ID Act, substantial evidence supports the agency's adverse credibility determination.

In finding Qu not credible, the agency reasonably relied in part on his demeanor, finding that Qu's testimony was often evasive, vague, and non-responsive. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ's demeanor findings were supported further by specific examples of Qu's contradictory testimony, particularly with respect to the location of the underground church services and the time period when Qu began attending services after arriving in the United States. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). A reasonable fact finder would not be compelled to credit Qu's explanations for these inconsistencies. *Majidi*, 430 F.3d at 80-81. Furthermore, the IJ reasonably relied on Qu's failure to present adequate

3

corroboration to support his claims that he attended an underground church in China and that he started attending church in the United States shortly after his arrival in 1999. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (holding that the agency may rely on a lack of corroborative evidence where an applicant's testimony is not otherwise credible).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence.  *See Xiu Xia Lin*, 534 F.3d at 165–66. The agency's denial of Qu's application for asylum, withholding of removal, and CAT relief was not in error as all three claims shared the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang*, 426 F.3d at 523 (CAT).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk